# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:12CR133 |
| JOSE LUIS SUASTES CASILLAS, | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 3, 2016, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Andrew Stover.

On November 8, 2012, Defendant was sentenced by the Honorable United States District Judge Marcia Crone of the Eastern District of Texas after pleading guilty to the offense of Reentry of a Deported Alien. Defendant was sentenced to twelve (12) months imprisonment followed by a three (3) year term of supervised release subject to the standard conditions of release, plus special conditions to include immediately upon release from confinement, the Defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, Title 8 U.S.C. §1101, et seq. On May 22, 2013, Defendant completed his period of imprisonment and began service of his term of supervised release.

On December 19, 2013, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 37 Sealed]. The Petition asserted that Defendant violated six (6) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer; (5) Defendant shall notify the probation officer within seventy-two hours of being questioned by law enforcement officer; and (6) As a condition of supervised release, immediately upon release from confinement, Defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, Title 8 U.S.C. §1101, et seq. If ordered deported, Defendant shall remain outside the United States. In the event Defendant is not deported or for any reason re-enters the country after having been deported, Defendant shall comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation Office within 72 hours of release by immigration officials or re-entry in the country.

The Petition alleges that Defendant committed the following acts: (1), (2), (3), (4) and (5) On October 25, 2013, in Madill, Marshall County, Oklahoma, Officer Smith with Madill Police Department was observing traffic on Hwy 377 and observed a vehicle traveling west at an estimated speed of 55mph. Officer Smith engaged his radar and locked a speed of 54 mph on the radar unit. As the vehicle passed Officer Smith he proceeded behind the vehicle and conducted

a traffic stop of the vehicle at Hwy 377 and South 12th Avenue.  Officer Smith approached the vehicle and made contract with the driver who immediately stated he was speeding.  Officer Smith requested the driver's driver's license and insurance verification.  The driver stated he did not have a driver's license but had a Mexico ID.  The driver, Jose Luis Suastes-Casillas, gave Officer Smith his Mexico ID at which time Officer Smith asked the passenger (Summer Norman) for her ID.  Officer Smith returned to his vehicle and contacted Marshall County Dispatch and conducted a criminal record check of the two ID's.  Marshall County advised that Mr. Casillas did not have a valid driver's license but was on probation or supervised release.  The passenger had an Oklahoma ID card only and was clear of any warrants.  Officer Smith returned to the vehicle and asked Mr. Casillas to step out of the vehicle and conducted a pat search for weapons at the rear of his patrol car.  Officer Smith questioned Mr. Casillas about his probation status and if he had previously been arrested.  Mr. Casillas advised he had been arrested for two DUI's and a PI in Texas.   Officer Smith then ordered Mr. Casillas to turn around and began to place handcuffs on him when he immediately pulled away from Officer Smith and ran toward an open field.  Officer Smith pursued Mr. Casillas on foot but lost visual contact of him.  Officer Smith returned to the vehicle and ordered passenger (Summer Normal) and passenger (Limber Jimenez) from the vehicle and secured Ms. Norman in front of his patrol car and Mr. Jimenez on the ground.  Officer Smith stated upon returning to the vehicle he could smell an odor of burnt marijuana coming from the vehicle.  Officer Smith stated the glove box where Mr. Casillas removed some paperwork prior to exiting the vehicle was opened and he looked inside the glove box and saw a marijuana joint that had been burnt on the end.  Officer Smith removed the marijuana from the vehicle and asked Ms. Norman and Mr. Jimenez whose marijuana was in the vehicle.  Officer Smith stated that both individuals denied any knowledge

of the marijuana being in the vehicle. Officer Smith returned to the vehicle and collected Ms. Norma's purse from the back seat of the vehicle which contained a pink and white metal cigarette container containing three blue capsules (Vyvanse 60mg) wrapped in a plastic cigarette wrapper. Officer Smith asked Ms. Norman about the pills and she stated she had a prescription for the pills but didn't have the bottle. After searching the fields as well as two barns in the vicinity where Ms. Casillas ran, the search was called off. Ms. Norman and Mr. Jimenez were then transported to Marshall County Jail where Ms. Norman was cited and booked for possession of a controlled substance without a valid prescription and possession of marijuana. Officer Smith returned to Madill Police Department and field tested the marijuana which tested positive. Officer Smith confirmed Jose Luis Suastes-Casillas, DOB 10-7-1987, was an illegal immigrant. Officer Smith requested a warrant be issued for Mr. Casillas for escaping arrest, possession of marijuana, driving without a valid driver's license, speeding, and no insurance. Additionally, the Defendant failed to notify the probation officer within seventy-two (72) hours of being questioned by law enforcement; and (6) On May 22, 2013, Defendant was deported to Mexico after completing his term of imprisonment. On October 25, 2013, the Defendant illegally re-entered the United States as evidenced by his contact with the Madill Police Department in Marshall County, Oklahoma. Additionally, the Defendant failed to comply with his conditions of supervised release as he failed to report to the nearest U.S. Probation Office within seventy-two (72) hours of re-entry into the country.

Prior to the Government putting on its case, Defendant entered a plea of true to allegation six (6). The Government will dismiss the remaining allegations being allegations 1, 2, 3, 4, and 5. Having considered the Petition and the plea of true to allegation six (6) the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months with no term of supervised release to follow.

**SIGNED this 4th day of October, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE